Douglas L. Furth (DF 2517)
GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue
New York, New York 10022
(212) 907-7300
*Counsel for Richard E. O'Connell, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
In re                                                         :
                                                              :
BMI HOLDINGS, INC., et al.,                                   :   Chapter 7
                                                              :   Case Nos. 03-13270, 03-13272,
                           Debtors.                           :         03-13274 through 03-13277
                                                              :
------------------------------------------------------------ X   Jointly Administered
RICHARD E. O'CONNELL, in his capacity as                      :
chapter 7 trustee,                                            :
                                                              :   Adv. Proc. No. 05-
                           Plaintiff,                         :
                                                              :
              against                                         :
                                                              :
DAVID COHEN,                                                  :
                                                              :
                           Defendant.                         X
------------------------------------------------------------

# COMPLAINT TO AVOID AND
# RECOVER A PREFERENTIAL TRANSFER

TO THE HONORABLE PRUDENCE CARTER BEATTY
UNITED STATES BANKRUPTCY JUDGE:

   RICHARD E. O'CONNELL (the "Trustee") chapter 7 trustee for the above-referenced debtors (collectively, the "Debtors"), by his counsel, Golenbock Eiseman Assor Bell & Peskoe LLP, as and for his complaint against David Cohen (the "Defendant") alleges the following upon information and belief:

## INTRODUCTION

   1.  On May 20, 2003 (the "Petition"), the Debtors each commenced cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. §101, et seq. (the "Bankruptcy

*313436.1*

Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. On September 20, 2004, the Court entered an order converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.

3. On September 24, 2004, the Trustee was appointed chapter 7 trustee for the Debtors.

## JURISDICTION AND PARTIES

4. This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to avoid and recover, in accordance with sections 547, 548 and 550 of the Bankruptcy Code, certain transfers (collectively, the "Transfer") that was made by certain of the Debtors (the "Transferors") to Defendant in the aggregate amount of $376,238.08. A Schedule identifying the dates and amounts paid and constituting the aggregate Transfer is annexed hereto as Exhibit "1" and Exhibit "2".

5. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (F) and (0).

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334.

7. Venue over this adversary proceeding resides in this Court pursuant to 28 U.S.C. §1409(a).

8. The Trustee is an individual with offices located at 24-44 Francis Lewis Boulevard, Whitestone, New York 11352.

*313436.1*  2

9. The Debtors were corporations which had their principal place of business at 1200 Madison Avenue, Paterson, NJ 07503.

10. Upon information and belief, Defendant is an individual with an address of 48 Chester Court, Cortland Manor, NY 10566 and was an insider of the Debtor.

## FIRST CAUSE OF ACTION
### (Avoidance and Recovery of Preferential Transfers)

11. The Trustee, realleges and incorporates by reference the allegations contained in paragraphs 1 through 10 of this Complaint as though set forth at length herein.

12. On or within one year prior to the Petition Date, the Debtors set forth on Exhibit 1 and 2 hereto, made the Transfers to Defendant.

13. The Transfers constitute a transfer of interest of property of BMI Holdings, Inc.

14. The Transferors made the Transfers to, or for the benefit of, Defendant.

15. The Transferors made the Transfers for, or on account of, antecedent debt owed by The Transferors to Defendant prior to the date on which the Transfers were made (the "Debt").

16. The Transferors were insolvent for purposes of section 547(b) of the Bankruptcy Code when the Transfers were made.

17. The Transfers enabled Defendant to receive more than it would have received if: (i) The Transferors cases were administered under chapter 7 of the Bankruptcy Code;

(ii) the Transfers had not been made; and (iii) Defendant had received payment of the Debt to the extent provided by the Bankruptcy Code.

18. Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to section 547(b) of the Bankruptcy Code and in accordance with section 550(a) of the Bankruptcy Code, the Trustee may recover from Defendant the amount of the Transfers, plus interest.

**SECOND CAUSE OF ACTION**
**(Avoidance and Recovery of Fraudulent Transfers)**

19. The Trustee repeats and realleges the allegations of paragraphs 1 though 18 hereof.

20. The Transferors received less than reasonably equivalent value for the Transfers.

21. The Transfers were made at a time when the Transferors were insolvent, were engaged in business for which the property remaining with the Transferor was an unreasonably small capital or intended to incur or believed that they would be incurring debts beyond their ability to pay as they matured.

22. Based upon the foregoing, the Transfers constitute avoidable fraudulent transfers pursuant to section 548 of the Bankruptcy Code and the Trustee may recover from the Defendant the amount of the Transfer, plus interest.

**WHEREFORE**, the Trustee respectfully requests entry of judgment on its Complaint as follows:

(a) Avoiding and setting aside the Transfers pursuant to section 547(b) and 548 of the Bankruptcy Code;

(b) Awarding the Trustee judgment in an amount equal to the Transfers and directing Defendant immediately to pay the Trustee an amount equal to the Transfers pursuant to section 550(a) of the Bankruptcy Code, together with interest on such amount from the Petition Date of the Transfer;

(c) Awarding the Trustee its attorneys' fees, costs and other expenses incurred in this action; and

(d) Granting the Trustee such other and further relief as the Court considers appropriate.

DATED:  New York, New York
        September __, 2005

          RICHARD E. O'CONNELL,
          Chapter 7 Trustee for the Debtors

By: _____
Douglas L. Furth (DF-2517)
Golenbock Eiseman Assor Bell & Peskoe LLP
437 Madison Avenue
New York, New York 10119
(212) 907-7300

*313436.1*                                5

# EXHIBIT 1

## Transfers from BMI Holdings, Inc.

| Date of Transfer | Amount |
|---|---|
| 5/22/02 | $ 516.77 |
| 5/29/02 | $ 7,115.39 |
| 6/12/02 | $ 7,115.39 |
| 6/19/02 | $ 500.10 |
| 6/26/02 | $ 7,115.39 |
| 7/10/02 | $ 7,115.39 |
| 7/17/02 | $ 516.77 |
| 7/24/02 | $ 7,115.39 |
| 8/7/02 | $ 7,115.39 |
| 8/21/02 | $ 7,115.39 |
| 8/22/02 | $ 516.77 |
| 9/4/02 | $ 7,115.39 |
| 9/18/02 | $ 7,115.39 |
| 9/18/02 | $ 500.10 |
| 10/2/02 | $ 7,115.39 |
| 10/16/02 | $ 7,115.39 |
| 10/16/02 | $ 516.77 |
| 10/30/02 | $ 7,115.39 |
| 11/13/02 | $ 7,115.39 |
| 11/20/02 | $ 500.10 |
| 11/26/02 | $ 7,115.39 |
| 12/11/02 | $ 7,115.39 |
| 12/18/02 | $ 516.77 |
| 12/24/02 | $ 7,115.39 |
| 1/8/03 | $ 7,115.39 |
| 1/15/03 | $ 516.77 |
| 1/22/03 | $ 7,115.39 |
| 2/5/03 | $ 7,115.39 |
| 2/19/03 | $ 466.76 |
| 2/19/03 | $ 7,115.39 |
| 3/5/03 | $ 7,115.39 |
| 3/19/03 | $ 516.77 |
| 3/19/03 | $ 7,115.39 |
| 4/2/03 | $ 7,115.39 |
| 4/16/03 | $ 500.10 |
| 4/16/03 | $ 7,115.39 |
| 4/30/03 | $ 7,115.39 |
| 5/14/03 | $ 7,115.39 |
| Total | $191,084.69 |

*313436.1*

# EXHIBIT 2

## Transfers from Better Methods, Inc.

| Date of Transfer | Amount |
|---|---|
| 5/22/02 | $ 574.42 |
| 6/3/02 | $ 14,620.84 |
| 6/19/02 | $ 574.42 |
| 7/2/02 | $ 11,323.06 |
| 7/17/02 | $ 574.42 |
| 7/25/02 | $ 2,362.77 |
| 8/14/02 | $ 817.57 |
| 8/14/02 | $ 574.42 |
| 8/27/02 | $ 14,086.57 |
| 9/25/02 | $ 574.42 |
| 9/30/02 | $ 14,427.33 |
| 10/23/02 | $ 574.42 |
| 10/31/02 | $ 7,419.95 |
| 11/20/02 | $ 7,437.02 |
| 11/20/02 | $ 574.42 |
| 12/5/02 | $ 11,472.89 |
| 12/18/02 | $ 574.42 |
| 1/3/03 | $ 11,306.93 |
| 1/16/03 | $ 574.42 |
| 1/22/03 | $ 9,208.86 |
| 2/12/03 | $ 574.42 |
| 2/27/03 | $ 10,791.53 |
| 3/12/03 | $ 574.42 |
| 3/26/03 | $ 13,017.08 |
| 4/21/03 | $ 19,275.73 |
| 4/23/03 | $ 574.42 |
| 5/6/03 | $ 14,740.16 |
| 5/12/03 | $ 3,608.00 |
| 5/15/03 | $ 643.67 |
| 7/3/03 | $ 11,700.39 |
| Total | $185,153.39 |